UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT SPRINGER<br><br>Plaintiff,<br><br>v.<br><br>KATHERYN ANNE SNYDER; KENNING PROPERTIES, INC; AND DOES 1 THROUGH 20, INCLUSIVE,<br><br>Defendant. | Case No. 1:25-cv-01128-JLT-FJS<br><br>ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT<br><br>(ECF Nos. 16, 17) |

## I. BACKGROUND

On August 18, 2025, Plaintiff Kurt Springer ("Plaintiff") brought an action for: (1) breach of fiduciary duty, (2) breach of duty to affirmatively disclose information, (3) breach of duty to allow inspection of corporate records, (4) action to compel accounting, (5) contravention of right to receive dividends, (6) cause of action to rescind corporate assets, (7) looting of corporate assets; (8) misappropriation of corporate assets, (9) fraud, (10) breach of written contract, (11) conversion, (12) unjust enrichment, (13) financial abuse of an elder, (14) negligent infliction of emotional distress, and (15) intentional infliction of emotional distress. (ECF No. 1 at 4.)

On September 4, 2025, this action was removed from the California Superior Court of Tuolumne County to the United States District Court for the Eastern District of California. (ECF

No. 1.) Plaintiff alleges that Defendant Katheryn Anne Snyder (individually and in her capacity as Director of Kenning Properties) and Does one (1) through twenty (20) injured him. (*Id.*)

On January 30, 2026, Plaintiff filed a request for notice of default as to Defendants Katheryn Anne Snyder in her individual capacity and her capacity as Director of Kenning Properties (hereafter "Defendants"). (ECF No. 10.) In support of their request, Plaintiff declares that despite being unsuccessful in serving Defendant Katheryn Anne Snyder personally and in her capacity as director of Kenning Properties, receipt of Plaintiff's summons and complaint was acknowledged by Kenning Properties on August 18, 2025. (ECF No. 10-1 at 2.) Plaintiff further argues that Federal Rule of Civil Procedure 81(c)(2) required Defendants to respond by September 8, 2025. (ECF No. 10-1 at 2.) Plaintiff further reached out to Defendants on January 23, 2026, indicating his intention to move for default under Rule 55 and advising that Defendants' initial disclosures were overdue based on the court's scheduling order (ECF No. 9). (ECF No. 10-1 at 13.)

On January 30, 2026, the clerk entered a default as to Defendant Katheryn Anne Snyder. (ECF No. 11.) It is unclear whether the Clerk of the Court entered default as to Defendant Katheryn Anne Snyder in her individual or official capacity, or both. (*See id.*) Given that Plaintiff moved for entry of default as to Defendant Katheryn Anne Snyder in both her capacities, the court proceeds on that basis.

On February 25, 2026, Defendant Katheryn Anne Snyder filed an answer in her individual capacity and as Director of Kenning Properties. (ECF No. 12.) On March 6, 2026, Defendants provided initial disclosures. (ECF No. 13.)

On March 25, 2026, the court ordered Defendants to show cause as to why default should be set aside under Rule 55(c). (ECF No. 15.) On April 8, 2026, Defendants filed their motion to set aside entry of default. (ECF No. 16.) That same day Defendants filed a second motion to set aside entry of default.[1] (ECF No. 17.)

---

[1] The court notes that ECF Nos. 16 and 17 are identical in both form and substance. For clarity and consistency with this court's previous order (ECF No. 19), the court will refer to the later filed motion (ECF No. 17) going forward.

On April 10, 2026, the court vacated the order to show cause and ordered Defendants to file and serve a new notice of motion to set aside. (ECF Nos. 18, 19.)

On April 22, 2026, the Plaintiff filed his opposition to Defendants' motion to set aside. (ECF No. 20.) Defendants replied on May 1, 2026. (ECF No. 22.)

## II. LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "The [c]ourt may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Where timely relief is sought from a default … and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994) (internal citations omitted).

"To determine good cause the court must consider: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the entry of default, (2) whether party has no meritorious defense, and (3) whether setting aside the [entry] of default would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citation modified). The standard "is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Notary Zoom, LLC., v. Margaret Kaplan*, No. 2:24-CV-3526-DJC-AC, 2026 WL 1078253, at * 1 (E.D. Cal. Apr. 21, 2026) (citing *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004)). The moving party bears the "burden of showing that any of these factors favor the setting aside the default." *Franchise Holding II, LLC.,* 375 F.3d. at 926) (citation modified).

## III. DISCUSSION

### A. Culpable Conduct

Simple carelessness "is not alone sufficient to establish culpability." *Assemi v. Assemi*, No. 1:23-CV-01741-EPG, 2024 WL 4668246, at *2 (E.D. Cal. Nov. 4, 2024) (citing *Mesle*, 615 F.3d at 1092). A movant is culpable where they act with "bad faith, such as an intention to take

advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Id.* at *5.

Plaintiff highlights that the court ordered the parties to provide initial disclosures under Rule 26 (a)(1) no later than January 16, 2026. (*See* ECF No. 20 at 4 (citing ECF No. 8).) Yet Defendants' disclosures were not served until March 6, 2026. (ECF No. 20 at 4 ¶13; 5 ¶ 18.) Defendants assert that Plaintiff's focus on two separate instances of tardy filings does not prove culpability because Defendants' engagement with the notice of removal, joint statements, and scheduling conferences demonstrates that the "mistake" was inadvertent. (ECF No. 22 at 3.) Based on these activities, the court is disinclined to find that the failure to respond was willful or culpable.

The court finds that this factor weighs in favor of setting aside the entry of default against Defendants.

B. Potentially Meritorious Defenses

As to this second factor, "[t]he underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by default." *Hawaii Carpenters' Tr. Funds*, 794 F.2d 508, 513 (9th Cir. 1986) (citation omitted). "All that is necessary to satisfy the meritorious defense requirement is to allege sufficient facts that, if true, would constitute a defense," and a court should not consider whether the factual allegations are true when deciding to set aside a default. *Mesle*, 615 F.3d at 1094.

Here, Defendants present several defenses, including the ambiguity of the partnership agreement, undue influence, and the business judgment rule. (ECF No. 22 at 4-6.) Plaintiff argues that the witnesses and documents in support of these theories were not identified in Defendants' Rule 26(a) initial disclosures and are, therefore, automatically excluded under Rule 37(c)(1). (ECF No. 20 at 10.) Plaintiff's evidentiary argument does not address the lower threshold needed to set aside default. *See Mesle*, 615 F.3d at 1094 (describing the burden to vacate default judgment as "not extraordinarily heavy" and holding that the time to test the merit of the allegations is later in the litigation). At this stage and in light of the "general rule" that "default judgments are disfavored" because "cases should be decided upon their merits whenever

reasonably possible," *Westchester Fire Ins. Co. v. Mendez*, F.3d 1183, 1189 (9th Cir. 2009), Defendants have proffered sufficient allegations to evince a potentially meritorious defense. This element also weighs in favor of setting aside the entry of default.

C. Prejudice to Plaintiff

The anticipated harm from a court's decision to set aside an entry of default must be more than "simple delay in resolution of the case." *Mesle*, 615 F.3d at 1095. "The standard is whether Plaintiff's ability to pursue [their] claim will be hindered." *Sotelo v. Birring*, No. 1:08-CV-01342-LJO, 2013 WL 2991140, at *1 (E.D. Cal. June 14, 2013), *report and recommendation adopted,* No. 1:08-CV-01342-LJO, 2013 WL 3481578 (E.D. Cal. July 9, 2013) (citing *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984)). "To be prejudicial, the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001).

Defendants highlight that the setting aside of default "[would] not impact the current Scheduling Order," and that the delay of Plaintiff's ability to "enjoy benefits" is not the focus of the prejudice inquiry under Rule 55. (ECF No. 22 at 7.) Plaintiff argues that because of the admissions made in Defendants' proffered answer, he is entitled to prevail and "will be prejudiced in his continued inability to derive benefit from his interest in Kenning Properties" due to the Defendants' delay. (ECF No. 20 at 13.) Yet the Ninth Circuit has held that "[t]o be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Mesle*, 615 F.3d at 1095. Therefore, the court finds this factor weighs in Defendants' favor.

D. CONCLUSION AND ORDER

Given that Defendants have shown good cause under Rule 55(c), the court HEREBY ORDERS that:

1. Defendants' motion to set aside the Clerk's entry of default is GRANTED. (ECF Nos. 16, 17);
2. The Clerk's entry of default against Plaintiff is SET ASIDE. (ECF No. 11); and

3. The court will DEEM Defendants' answer timely filed as of February 25, 2026. (ECF No. 12.)

IT IS SO ORDERED.

Dated: **September 16, 2026**

UNITED STATES MAGISTRATE JUDGE